523 A.2d 410

James Hackenberg, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 23, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Richard A. Holmes,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, March 26, 1987:

James Hackenberg (petitioner) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which denied him benefits pursuant to Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (voluntary ter-

mination without cause of a necessitous and compelling nature).

The petitioner was employed by Overhead Door from December 19, 1983 until October 9, 1985 as a truck driver. On the morning of October 9, 1985, the petitioner was assigned a truck to make a delivery that evening and complained about its condition. He then stated that he "quit" and went home. The referee found that the petitioner quit his job without cause of a necessitous and compelling nature and the Board affirmed. This appeal followed.

The petitioner contends that the Board capriciously disregarded evidence, that its decision was unsupported by substantial evidence, and that the Board erred, as a matter of law, in finding that he voluntarily quit his job absent the requisite necessitous and compelling cause. Our scope of review, of course, is limited to determining whether or not constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). We must determine, therefore, whether or not there are adequate findings to support the conclusions, and whether or not those findings are supported by substantial evidence.

The petitioner argues that finding of fact number eight that the "Employer's equipment was in a safe and serviceable condition" is unsupported by substantial evidence because his uncontradicted testimony indicates that the equipment was unsafe. While it is true that the petitioner testified that he felt the equipment was unsafe, our review of the record indicates that he also testified in pertinent part as follows:

CL: The load was to go out that evening?

AC: Yes sir.

CL: Were you intending to have a trailer at that point?

AC:    Yeah, I would have took [sic] it up.

In examining this testimony in the light most favorable to the employer, who prevailed before the Board, and giving the employer the benefit of all inferences that can logically and reasonably be drawn from the testimony, *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977), we believe that the above-quoted testimony of the petitioner indicates that he either felt that the equipment was safe or that it was not so unsafe as to prevent him from working. The finding that the equipment was safe, therefore, is supported by substantial evidence.[1]

The petitioner's final contention is that he did not voluntarily terminate his employment, and alternatively, that if he did voluntarily quit it was for cause of a necessitous and compelling nature due to the unsafe condition of the equipment.

The referee, as affirmed by the Board, found that the petitioner terminated his employment due to a dissatisfaction with his job assignment and equipment, and our review of the record indicates that this finding is supported by substantial evidence in the form of testimony by the employer's three witnesses. Furthermore, we have concluded that substantial evidence supports

---

[1] The Board also argues that the hearsay testimony of the employer's witness, to the effect that the equipment was safe, is admissible because it was not objected to and is corroborated by competent record evidence. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). While we agree with the Board on the hearsay issue, we need not decide that question because of the petitioner's own testimony that he would have taken the truck out that evening. We would note that substantial evidence questions of the kind here considered have carefully been addressed by this Court numerous times previously and we have consistently held that we will not reverse an administrative credibility determination when it is supported by substantial evidence.

the finding that the equipment was safe, and inasmuch as the petitioner asserts no other factor justifying the termination of his employment, the Board correctly concluded that he voluntarily terminated his employment without cause of a necessitous and compelling nature.

Accordingly, we will affirm the order of the Board.

ORDER

AND NOW, this 26th day of March, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.